JOURNAL ENTRY AND OPINION
Petitioner Michael N. Taylor appeals from the judgment of the trial court which denied his petition for postconviction relief. For the reasons set forth below, we affirm.
On December 1, 1992, petitioner was indicted for one count of aggravated murder with firearm, repeat murder and prior aggravated felony specifications. The charges arose in connection with the shooting death of Marion Alexander on November 25, 1992. Petitioner pleaded not guilty and the matter proceeded to a jury trial on April 19, 1993. Petitioner was convicted and later sentenced to death.
On direct appeal to this court, petitioner challenged the constitutionality of the death penalty statutes,[1] the jury instructions, and various evidentiary rulings. He also asserted that his trial counsel was ineffective. Specifically, petitioner claimed that his trial counsel was ineffective in failing to present evidence, in the guilt phase, that petitioner has a paranoid personality disorder. This court rejected the assigned errors and affirmed the imposition of the death penalty. SeeState v. Taylor (Nov. 9, 1995), Cuyahoga App. No. 65711, unreported.
Petitioner also filed an appeal to the Ohio Supreme Court. Within this appeal, petitioner asserted, inter alia, that the death penalty statutes are unconstitutional. He also claimed that his trial counsel was ineffective in failing to offer evidence of his paranoid personality during the guilt phase of the trial. The Supreme Court rejected these claims and affirmed petitioner's conviction and sentence. See State v. Taylor (1997), 78 Ohio St. 3
d
On September 23, 1996, petitioner filed a petition to vacate his sentence pursuant to R.C. 2953.21. Petitioner asserted the following claims for relief: (1) that his trial counsel was ineffective in failing to ascertain whether petitioner was delusional or suffering from post traumatic stress disorder at the time of the killing; (2) that his trial counsel was ineffective during the penalty phase for failing to introduce details of his early life and his life after being released from prison where he was incarcerated for two previous murders; (3) that his trial counsel was ineffective because he relied upon a mitigation specialist who did not conduct an adequate investigation; (4) that trial counsel was ineffective at the trial and mitigation phases for failing to provide significant information to the defense psychologist; (5) that his appellate counsel was ineffective; (6) that the death penalty statutes are unconstitutional; (7) that cumulative errors and omissions rendered petitioner's conviction void or voidable. No evidence was appended to the petition; rather, petitioner simply excerpted portions of his trial transcript.
The trial court denied the petition and noted, in relevant part, that petitioner's constitutional claims had been raised in the direct appeal, and that upon review of both the trial and appellate records, petitioner received a fair trial and was properly convicted. Petitioner now appeals and assigns nine errors for our review.
Petitioner's first assignment of error states:
 THE TRIAL COURT ERRED IN NOT ENTERING SPECIFIC FINDINGS OF FACT AND CONCLUSIONS OF LAW ON EACH OF THE EIGHT INDIVIDUAL CAUSES OF ACTION RAISED IN DEFENDANT/APPELLANT'S POST-CONVICTION PETITION.
Within this assignment of error, petitioner challenges the adequacy of the trial court's findings of fact and conclusions of law.
R.C. 2953.21 (C) states in relevant part as follows:
 * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal."
Accord State v. Mapson (1982), 1 Ohio St.3d 217, 218.
The test of the adequacy of the findings of fact and conclusions of law is "whether they are sufficiently comprehensive and pertinent to the issue to form a basis for the decision and whether they are supported by the evidence." Id.,
citing 5 A Moore, Federal Practice (2 Ed. 1990) 52-142, Section 52.06 [1]. The findings and conclusions of the trial court should respond to all material or determinative issues in the case so that an appellate court can determine the basis for the judgment.Id.
In this instance, the trial court's findings of fact and conclusions of law adequately demonstrated that the claims were without merit because they had already been rejected on direct appeal or because error was not made manifest.
This assignment of error is without merit.
Petitioner's second, third, fourth, and seventh assignments of error are interrelated and state:
 THE COURT ERRED IN DENYING APPELLANT'S SECOND CAUSE OF ACTION, TO WIT, APPELLANT'S CONVICTION AND SENTENCE ARE VOID OR VOIDABLE BECAUSE HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL DURING THE PENALTY PHASE OF THE TRIAL.
 THE COURT ERRED IN DENYING APPELLANT'S THIRD CAUSE OF ACTION, TO WIT, APPELLANT'S CONVICTION AND SENTENCE ARE VOID OR VOIDABLE BECAUSE HIS TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL BY RELYING ON A MITIGATION SPECIALIST WHO FAILED TO CONDUCT A THOROUGH INVESTIGATION OF APPELLANT'S BACKGROUND AND TO PROVIDE THE DEFENSE WITH ANY EVIDENCE OR MEANINGFUL WITNESSES DURING THE MITIGATION PHASE OF HIS TRIAL.
 THE COURT ERRED IN DENYING APPELLANT'S FOURTH CAUSE OF ACTION, TO WIT, THAT THE ERRORS AND OMISSIONS OF TRIAL COUNSEL AND THE DEFENSE MITIGATION SPECIALIST FAILED TO BRING SIGNIFICANT BACKGROUND INFORMATION TO THE ATTENTION OF THE DEFENSE PSYCHOLOGIST SUCH THAT THE PSYCHOLOGIST WAS UNABLE TO RELATE A COMPLETE PICTURE OF THE APPELLANT'S BACKGROUND AND LIFE EXPERIENCES TO THE JURY DURING BOTH THE TRIAL PHASE AND THE MITIGATION PHASE, THUS DEPRIVING THE APPELLANT OF THE EFFECTIVE ASSISTANCE OF HIS INDEPENDENT PSYCHOLOGIST, CONSTITUTING INEFFECTIVE ASSISTANCE OF COUNSEL.
 THE COURT ERRED IN DENYING APPELLANT'S SEVENTH CAUSE OF ACTION, TO WIT, APPELLANT'S CONVICTION AND SENTENCE ARE VOID OR VOIDABLE BECAUSE TRIAL COUNSEL FAILED TO OBTAIN APPELLANT'S MILITARY 201 FILE AND MEDICAL RECORDS, THUS, FAILING TO SUPPLY THE DEFENSE PSYCHOLOGIST WITH SIGNIFICANT KEY EVIDENCE ON WHICH TO BASE HER PSYCHOLOGICAL TESTING AND THEREBY DEPRIVING APPELLANT OF EFFECTIVE ASSISTANCE OF COUNSEL.
Within these assignments of error, petitioner contends that his trial counsel was ineffective in connection with the guilt and penalty phases.
When the claim of ineffective assistance of trial counsel is raised in a petition for postconviction relief, the petitioner bears the burden of submitting evidentiary materials which demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness. State v. Jackson
(1980) 64 Ohio St.2d 107, syllabus. Absent such a showing, no evidentiary hearing is necessary. State v. Pankey (1981), 68 Ohio St.2d 58,59.
In this instance, no evidentiary materials were submitted to demonstrate that errors occurred or that prejudice resulted. The trial court therefore did not err in denying these claims without holding a hearing. These assignments of error are therefore without merit.
Petitioner's fifth assignment of error states:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S FIFTH CAUSE OF ACTION, TO WIT, THAT HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN THAT APPELLATE COUNSEL NEVER BROUGHT TO THE ATTENTION OF THE APPELLATE OR SUPREME COURT THE ERRORS CITED IN THESE ASSIGNMENTS OF ERROR.
Petitioner next asserts that he was denied effective assistance of appellate counsel.
In State v. Murnahan (1992), 63 Ohio St.3d 60, paragraph one of the syllabus, the court held as follows:
 "Claims of ineffective assistance of appellate counsel are not cognizable in post-conviction proceedings pursuant to R.C. 2953.21."
In Murnahan, the court noted that "appellate judges are in the best position to recognize, based upon the record and conduct of appellate counsel, whether such conduct was adequate in his or her representation before that body." Id., at 65.
This assignment of error is without merit.
Petitioner's sixth assignment of error states:
 THE COURT ERRED IN DENYING APPELLANT'S SIXTH CAUSE OF ACTION, TO WIT, THAT OHIO'S DEATH PENALTY SCHEME IS UNCONSTITUTIONAL ON ITS FACE AND VIOLATES BOTH THE UNITED STATES AND OHIO CONSTITUTIONS.
Within this assignment of error, petitioner contends that his conviction is void because the Ohio death penalty statutes are unconstitutional.
Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. State v. Perry
(1967), 10 Ohio St.2d 175, 180-181, paragraph nine of the syllabus; see, also, State v. Cole (1982), 2 Ohio St.3d 112, 113. The doctrine of res judicata is also applicable to constitutional issues raised in a petition for postconviction relief. State v.Perry, supra, at paragraph seven of the syllabus.
In this instance, the constitutional challenges to the death penalty statutes were raised within petitioner's direct appeal to this court and the Supreme Court. These claims are therefore barred by the doctrine of res judicata. This assignment of error is overruled.
Petitioner's eighth and ninth assignments of error are interrelated and state:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S SEVENTH CAUSE OF ACTION, TO WIT, APPELLANT'S CONVICTION AND SENTENCE ARE VOID OR VOIDABLE BECAUSE THE GUILT AND PENALTY PHASE OF HIS TRIAL WERE REPLETE WITH ERRORS, MAKING HIS SENTENCE OF DEATH UNRELIABLE AND INAPPROPRIATE.
 THE COURT ERRED IN DENYING APPELLANT'S EIGHTH CAUSE OF ACTION, TO WIT, APPELLANT'S CONVICTION AND SENTENCE ARE VOID OR VOIDABLE BECAUSE THE CUMULATIVE EFFECT OF THE ERRORS AND OMISSIONS AS PRESENTED IN THE OTHER ASSIGNMENTS OF ERROR HAVE PREJUDICED THE APPELLANT AND DENIED HIS RIGHTS TO DUE PROCESS AND A FAIR TRIAL.
Again, as we noted previously, the claims asserted within a petition for postconviction relief must be supported by evidence.State v. Perry, supra, at paragraphs one and two of the syllabus. These claims lacked evidentiary support and were therefore properly denied by the trial court.
The judgment of the trial court is affirmed.
Petitioner's eighth and ninth assignments of error are interrelated and state:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S SEVENTH CAUSE OF ACTION, TO WIT, APPELLANT'S CONVICTION AND SENTENCE ARE VOID OR VOIDABLE BECAUSE THE GUILT AND PENALTY PHASE OF HIS TRIAL WERE REPLETE WITH ERRORS, MAKING HIS SENTENCE OF DEATH UNRELIABLE AND INAPPROPRIATE.
 THE COURT ERRED IN DENYING APPELLANT'S EIGHTH CAUSE OF ACTION, TO WIT, APPELLANT'S CONVICTION AND SENTENCE ARE VOID OR VOIDABLE BECAUSE THE CUMULATIVE EFFECT OF THE ERRORS AND OMISSIONS AS PRESENTED IN THE OTHER ASSIGNMENTS OF ERROR HAVE PREJUDICED THE APPELLANT AND DENIED HIS RIGHTS TO DUE PROCESS AND A FAIR TRIAL.
Again, as we noted previously, the claims asserted within a petition for postconviction relief must be supported by evidence.State v. Perry, supra, at paragraphs one and two of the syllabus. These claims lacked evidentiary support and were therefore properly denied by the trial court.
The judgment of the trial court is affirmed.
 APPENDIX A. THE DEATH PENALTY AUTHORIZED BY THE OHIO REVISED CODE DEPRIVES CAPITALLY-CHARGED DEFENDANTS OF THEIR LIVES WITHOUT DUE PROCESS OF LAW, DENIES EQUAL PROTECTION AND IMPOSES CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE OHIO AND UNITED STATES CONSTITUTIONS.
 B. R.C. § 2929.022, § 2929.03, AND § 2929.04 VIOLATE THE ACCUSED'S RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL AND TO A TRIAL BEFORE AN IMPARTIAL JURY, AS GUARANTEED BY THE SIXTH, EIGHTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTIONS 9, 10 AND 16, ARTICLE 1
OF THE OHIO CONSTITUTION.
 C. R.C. § 2929.03, § 2929.04 AND § 2929.022 VIOLATE THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 9 AND 16, ARTICLE I OF THE OHIO CONSTITUTION BY FAILING TO PROVIDE ADEQUATE GUIDELINES FOR DELIBERATION, LEAVING THE JURY WITH PROPER GUIDELINES IN BALANCING THE AGGRAVATING CIRCUMSTANCES AND MITIGATING FACTORS.
 D. R.C. § 2929.022, § 2929.03 AND § 2929.04 AND CRIM.R. 11 (C) (3) PLACE AN UNCONSTITUTIONAL BURDEN ON THE ACCUSED'S RIGHT TO A JURY TRIAL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND HIS RIGHTS TO BE FREE FROM COMPULSORY SELF-INCRIMINATION UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.
 E. R.C. § 2929.03 FAILS TO PROVIDE A MEANINGFUL BASIS FOR DISTINGUISHING BETWEEN LIFE AND DEATH SENTENCES, AS IT DOES NOT EXPLICITLY REQUIRE THE JURY, WHEN IT RECOMMENDS LIFE IMPRISONMENT, TO SPECIFY THE MITIGATING FACTORS FOUND, OR TO IDENTIFY ITS REASONS FOR SUCH SENTENCE. THIS DENIES THE ACCUSED HIS RIGHTS UNDER R.C. § 2929.03 (A), THE OHIO CONSTITUTION AND THE FEDERAL CONSTITUTION.
 F. R.C. § 2929.021, § 2929.03 AND § 2929.05 FAIL TO ASSURE ADEQUATE APPELLATE ANALYSIS OF ARBITRARINESS, EXCESSIVENESS AND DISPROPORTIONALITY OF DEATH SENTENCES AND THE OHIO SUPREME COURT FAILS TO ENGAGE IN A LEVEL OF ANALYSIS THAT ENSURES AGAINST ARBITRARY DEATH SENTENCING.
 G. THE APPELLATE REVIEW PROVISION OF R.C. § 2929.05 FAILS TO SPECIFICALLY REQUIRE INQUIRY AND FINDINGS REGARDING ARBITRARINESS, PASSION OR PREJUDICE, AND THUS IS CONSTITUTIONALLY INADEQUATE UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 9 AND 16 OF THE OHIO CONSTITUTION.
 H. THE OHIO DEATH PENALTY STATUTE IMPERMISSIBLY MANDATES IMPOSITION OF THE DEATH PENALTY AND PRECLUDES A MERCY OPTION IN THE ABSENCE OF MITIGATING EVIDENCE OR WHEN AGGRAVATING CIRCUMSTANCES OUTWEIGH MITIGATING FACTORS.
 I. R.C. § 2929.03, § 2929.04 AND § 2929.05 VIOLATE THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 9 AND 16 OF THE OHIO CONSTITUTION BY FAILING TO REQUIRE THE JURY TO DECIDE THE APPROPRIATENESS OF THE DEATH PENALTY.
 J. THE OHIO DEATH PENALTY SCHEME PERMITS IMPOSITION OF THE DEATH PENALTY ON A LESS THAN ADEQUATE SHOWING OF CULPABILITY BY FAILING TO REQUIRE A CONSCIOUS DESIRE TO KILL, PREMEDITATION, OR DELIBERATION AS THE CULPABLE MENTAL STATE.
 K. THE OHIO "BEYOND A REASONABLE DOUBT" STANDARD OF PROOF FAILS TO MEET THE REQUIREMENT FOR HIGHER RELIABILITY FOR THE GUILT DETERMINATION PHASE OF A CAPITAL CASE.
 L. THE AGGRAVATING CIRCUMSTANCE THE ACCUSED IS CHARGED WITH COMMITTING, R.C. § 2929.04 (A) 970, IS CONSTITUTIONALLY INVALID WHEN USED TO AGGRAVATE R.C. § 2903.01 (B) AGGRAVATED MURDER.
 M. R.C. § 2929.03, § 2929.04 AND § 2929.05 VIOLATE THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTIONS 9 AND 16 OF THE OHIO CONSTITUTION BY FAILING TO PROPERLY ALLOCATE THE BURDEN OF PROOF DURING MITIGATION PHASE OF TRIAL.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL. J., AND
SPELLTACY. J., CONCUR.
 ______________________________ ANN DYKE PRESIDING JUDGE
[1] See Appendix.